**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LUTHER SANDERS, Individually and On Behalf of Others Similarly Situated,<br><br>v.<br><br>LATSHAW DRILLING COMPANY, LLC. | CASE NO: 3:16-cv-1093<br>COLLECTIVE ACTION |

**ORIGINAL COMPLAINT**

**SUMMARY**

1.  Latshaw Drilling Company, LLC (Latshaw) does not pay its oilfield mechanics overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. This is a collective action to recover the unpaid wages and other damages owed to these workers.

**JURISDICTION AND VENUE**

2.  This Court has subject matter under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.  Venue is proper in this district because Latshaw conducts operations in this district and because a substantial part of the acts and conduct charged herein occurred in this district.

**THE PARTIES**

4.  Luther Sanders (Sanders) was employed by Latshaw as a top drive technician. Sanders's written consent to this collective action is attached as Exhibit 1.

5.  Latshaw is a drilling company based in Oklahoma that employed Sanders as a top drive technician.

**THE FACTS**

6.  Latshaw's gross annual revenues have well exceeded the FLSA's $500,000 threshold for enterprise coverage in each of the last three years.

7.  Latshaw's workers routinely use hard hats, automobiles, computers, copiers, fax

machines, telephones, tools and office supplies that moved in interstate commerce or were produced for interstate commerce.

8. Because Latshaw's gross annual revenues exceeded $500,000 and because its employees used, handled, sold or worked on goods or materials that were produced for or traveled in interstate commerce, Latshaw is an enterprise engaged in interstate commerce. Accordingly, Latshaw is subject to the FLSA.

9. Latshaw employed Sanders as a top drive technician. He repaired and maintained Latshaw's top drive systems and other pieces of oilfield equipment.

10. Sanders regularly worked more than 40 hours in a week. He typically worked a rotating schedule of 10 days on and 5 days off. He worked 12 or more hours per day.

11. Latshaw did not pay Sanders overtime. Instead, Latshaw paid Sanders a salary.

12. Latshaw paid Sanders a set amount each pay period, regardless of how many hours he worked.

13. Sanders was entitled to one-and-one-half times his regular rate of pay for hours worked in excess of forty hours in a week.

14. Latshaw knew Sanders worked more than forty hours per week as reflected in its payroll records

15. Latshaw knew blue-collar oilfield workers like Sanders have to be paid overtime under the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

16. Latshaw employs other people that perform oilfield mechanical work similar to Sanders.

17. The primary duties of these other employees are the performance of repair and

maintenance work of oilfield equipment similar to that performed by Sanders.

18. Like Sanders, these other employees work more than forty hours in a workweek.

19. Latshaw does not pay these employees overtime. Instead, Latshaw pays these employees on the same "salary" basis as it pays Sanders.

20. Because these employees are similarly situated to Sanders and are owed overtime for the same reasons as Sanders, the opt-in class is properly defined as:

**All salaried oilfield mechanics employed by Latshaw within the past three years.**

### CAUSES OF ACTION

21. Sanders incorporates the allegations in the preceding paragraphs.

22. Latshaw violated the overtime provisions of the FLSA. Sanders and those similarly situated to him are entitled to overtime for all hours worked over forty in a week.

23. Additionally, Sanders and those similarly situated to him are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.

### PRAYER

Sanders respectfully requests judgment against Latshaw awarding him and similarly situated employees who opt-in:

    a. unpaid overtime wages;

    b. an equal amount as liquidated damages

    c. post-judgment interest as allowed by law;

    d. reasonable attorneys' fees, costs, and expenses of this action; and

    e. such other and further relief as may be allowed by law.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: ___*/s/ Matthew S. Parmet*___
      Richard J. (Rex) Burch
      Texas Bar No. 24001807
      David I. Moulton
      Texas Bar No. 24051093
      Matthew S. Parmet
      Texas Bar No. 24069719
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:	(713) 877-8788
Telecopier:	(713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com
mparmet@brucknerburch.com


Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**FIBICH, LEEBRON, COPELAND,**
      **BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
Telephone:	(713) 751-0025
Telecopier:	(713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

**ATTORNEYS FOR PLAINTIFF**